**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 88-00149-1-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Frank Juan Chavez, | |
| Defendant. | |

The Court has reviewed Defendant's motion to seal. (Doc. 19.) The motion will be denied without prejudice.

There is a "presumption that the public and the press have a right of access to criminal proceedings and documents filed therein. The right of access is grounded in the First Amendment and in common law . . . ." *CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 765 F.2d 823, 825 (9th Cir. 1985). *See also Seattle Times Co. v. U.S. Dist. Ct. for W. Dist. of Wash.*, 845 F.2d 1513, 1516 (9th Cir. 1988) ("We begin with the presumption that the public and press have a right of access to criminal proceedings and documents."). Thus, most[1] "criminal proceedings and documents may be closed to the public . . . only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be

---

[1] "A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). Those documents include "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* Neither of those categories of documents is at issue here, so the presumption of access applies.

harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990). *See also United States v. Business of Custer Battlefield Museum & Store Located at Interstate 90, Exit 51, S. of Billings, Mont.*, 658 F.3d 1188, 1194-95 (9th Cir. 2011) (applying *Kamakana* to documents filed in criminal proceeding and requiring party to articulate "compelling reasons" justifying sealing).

Some of the interests that have been deemed compelling enough to justify the sealing of documents filed in criminal cases include (1) the need to avoid disclosing the existence of ongoing investigations, *In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008); (2) the need to conceal the identity of cooperating witnesses and otherwise protect such witnesses from retaliation, *id.*; and (3) the need to safeguard "the defendant's sixth amendment right to a fair trial," *Seattle Times*, 845 F.2d at 1517. Additionally, courts have noted that sealing may be appropriate to "protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997).[2]

Here, Defendant's motion to seal states in conclusory fashion that "it contains references to and attachments of sensitive medical material about the Defendant." That assertion, standing alone, is insufficient to justify sealing. As noted, the burden is on the party requesting a sealing order to explain why sealing would serve a compelling interest, why it is substantially probable that the compelling interest would be harmed in the absence of a sealing order, and why there are no alternatives. *Oregonian Publishing*, 920 F.2d at 1466. *See also* LRCrim 49.4(b) ("Any motion or stipulation seeking leave to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal."). The motion to seal fails to do so. Additionally, much of the information discussed in the motion is not sensitive, so it would

---

[2] In contrast, the mere fact that a case or document addresses a party's medical or psychological condition does not justify the automatic sealing of that document. *Doe*, 112 F.3d at 872 (7th Cir. 1997) ("[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems.").

1  be improper to seal the entire document even if it contains some isolated references to
2  sensitive information that may be subject to targeted redaction.
3      To address these concerns, Defendant may either (1) re-file its motion in unredacted
4  form or (2) file another motion to seal that supplies reasoning in support of the sealing
5  request and seeks redaction of only the portions of the motion that truly warrant sealing.
6  In the latter scenario, Defendant should also file a publicly available version of its motion,
7  with the sealed portions redacted, and lodge an unredacted version under seal pursuant to
8  LRCrim 49.4(c).  The unredacted version of the response must include highlighting to
9  indicate which portions of the document the party seeks to redact.
10     Accordingly,
11     **IT IS ORDERED** that Defendant's motion to seal (Doc. 19) is denied without
12 prejudice.
13     **IT IS FURTHER ORDERED** that, pursuant to LRCrim 49.4(d), the lodged
14 document (Doc. 20) will not be filed but will remain under seal.  Defendant must, by
15 **November 20, 2020**, (1) file an unredacted response in the public record, or (2) file a new
16 motion to seal that conforms with the requirements delineated in this order.
17     **IT IS FURTHER ORDERED** that the Motion to Seal and this Order shall be filed
18 on the public docket.
19     Dated this 16th day of November, 2020.

Dominic W. Lanza
United States District Judge